**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **EMANUEL DE JESUS RODRIGUEZ** | : | |
| | : | |
| **Petitioner,** | : | **3:26-cv-2902** |
| | : | **(JUDGE MARIANI)** |
| **v.** | : | |
| | : | |
| **JESSICA SAGE, WARDEN OF FCI LEWISBURG** | : | |
| | : | |
| **Respondent.** | : | |

FILED
SCRANTON
OCT 15 2026
PER ______________
DEPUTY CLERK

**MEMORANDUM OPINION**

Before the Court is Petitioner Emanuel de Jesus Rodriguez's ("Petitioner") *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 against Respondent Jessica Sage, Warden of FCI Lewisburg. (Doc. 1). For the reasons that follow, Petitioner's motion will be granted, and the Court will order Petitioner's immediate release.

## I. BACKGROUND

Petitioner, a citizen of Honduras residing in the United States since at least 2019, (Doc. 7-2 at 2), filed a *pro se* petition for writ of habeas corpus on September 30, 2026. (Doc. 1). Petitioner alleges he has been unlawfully detained by Respondent for more than six (6) months without a bond hearing under the mandatory detention provision of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226(c). Petitioner was first detained on March 15, 2026, (*see* Doc. 7-2 at 1–2), when he was transferred to the custody of ICE after he was arrested and charged with two misdemeanor counts of larceny and assault. (Doc.

7-2 at 3). At the time of his arrest, ICE noted that Petitioner "has been identified as an individual with substantiated Laken Riley Act crimes" (*id.*)—i.e., a noncitizen subject to mandatory detention under 8 U.S.C. § 1226(c). *See* Laken Riley Act, Pub. L. No. 119-1, 139 Stat 3 (2025) (amending 8 U.S.C. § 1226(c) to require mandatory detention of a noncitizen who "is charged with ... larceny").

Contrary to Petitioner's allegations and ICE's initial documentation, Respondent now alleges that Petitioner is detained under 8 U.S.C. § 1226(a), not § 1226(c). (*See* Doc. 7 at 4–7 ("Thus, immigration officials properly detain Mr. Moreira-Rodriguez pursuant to subsection 1226(a).")). Although Petitioner has been charged with two misdemeanor counts (larceny and assault) that are pending disposition, (Doc. 7-2 at 3), Respondent argues throughout her response that she is authorized to detain Petitioner discretionarily under § 1226(a), and she makes no mention of § 1226(c) except to distinguish Petitioner's case from those cases involving mandatory detention. (*See* Doc. 7 at 4, 6). Towards this end, on September 4, 2026, Respondent made an initial custody determination in accordance with 8 C.F.R. § 236.1(c), which necessarily indicates that Petitioner is detained under § 1226(a), not the mandatory detention provisions of § 1226(c). *See* 8 C.F.R. § 236.1(c)(8) ("Any officer authorized to issue a warrant of arrest may, in the officer's discretion, release an alien *not described in section 236(c)(1) of the [Immigration and Nationality] Act*, under the conditions at section 236(a)(2) and (3) of the Act" (emphasis

added)).[1] Respondent further acknowledges that Petitioner has not been provided with a bond hearing but purports the present petition should be denied for failure to exhaust administrative remedies because Petitioner has not *requested* a bond hearing "through the proper channels." (Doc. 7 at 7).

## II. STANDARD OF REVIEW

Absent suspension, the Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Pursuant to 28 U.S.C. § 2241, a federal district court may grant a habeas petition where a petitioner's immigration detention is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Claims brought by immigration detainees seeking relief from their confinement "fall within the core of the writ of habeas corpus." *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025). It is well established that a federal habeas corpus petitioner generally has the burden of proving facts entitling him to a discharge from custody. *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972) (citations omitted).

---

[1] Sections 236(c)(1) and 236(a)(2) of the Immigration and Nationality Act are codified as 8 U.S.C. § 1226(c)(1) and § 1226(a)(2) respectively.

Given that Petitioner has filed his habeas petition *pro se*, the Court will carefully consider Petitioner's arguments and "liberally construe[]" the petition. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) (explaining the Court's "[special] obligation to liberally construe a *pro se* litigant's pleadings is well-established"). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013).

## III. ANALYSIS

Before the Court is a peculiar situation in which the Government appears to have changed the statutory basis for a noncitizen's detention, without expressly telling either the Court or the detainee himself. This latent sleight-of-hand is troubling because it is ostensibly calculated to subvert the binding case law of this Circuit. It is well established that a noncitizen who has been mandatorily detained for more than 6 months pursuant to § 1226(c) becomes entitled to critical due process protections—namely, a bond hearing at which *the Government* bears the burden of proof to detain the noncitizen. *See German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 213 (3d Cir. 2020) ("We now hold that once detention *under § 1226(c)* has become unreasonable, the Government must put forth clear and convincing evidence that continued detention is necessary." (emphasis added)). Thus, the record before the Court reflects the unusual situation in which, just on the cusp of 6-months of mandatory detention without a bond hearing (and days before

Petitioner would become entitled to a bond hearing under *German Santos*), the Government suddenly reached the indispensable realization that Petitioner is not, in fact, subject to mandatory detention at all.[2] Nonetheless, the Court accepts the Government's representation that Petitioner is properly detained pursuant § 1226(a) and proceeds to evaluate the merits of the present habeas petition on that basis.

Respondent's admission that Petitioner is entitled to a bond hearing under § 1226(a), (*see* Doc. 7 at 6–7), is all but dispositive in this case. If Petitioner was not subject to mandatory detention, he was entitled to an initial custody determination on or around March 15, 2026, when he was detained. Instead, he languished for six months and was denied the initial custody determination that would enable him to seek a bond hearing before an immigration judge in the first place. Respondent's position that Petitioner should *now* go through the formal administrative process of requesting a bond hearing before an immigration judge is unavailing. The Government's sudden realization that Petitioner is not subject to mandatory detention does not alter Petitioner's entitlement to a bond hearing from the outset. *See Glus v. Brooklyn Eastern District Terminal*, 359 U.S. 231 (1959) ("To decide this case we need look no further than the deep-rooted principle of law that no man may take advantage of his own wrong."). Thus, the record compels the Court to find that Petitioner's detention for more than six months without any bond hearing violates the INA

[2] Absent some change in circumstances, such as a detainee's criminal charges being dropped, the statutory basis for his detention does not change. This is because § 1226(c) *mandates* the detention of a noncitizen who falls within the statutory text, while § 1226(a) does not. *See generally* 8 U.S.C. § 1226(a–c).

and due process. *See Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018) (noting that "a prompt bond hearing [is] required by § 1226(a) and its implementing regulations"). Accordingly, the Court will grant Petitioner's immediate release. *See Zheng v. Rokosky*, 826 F. Supp. 3d 545, 560 (D.N.J. 2026) (finding that "the only just remedy in these circumstances is immediate release"); *see generally Boumediene v. Bush*, 553 U.S. 723, 779 (2008) (detailing history of the writ of habeas corpus and explaining that discharge from unlawful custody is the traditional remedy).

## IV. CONCLUSION

For the foregoing reasons, Petitioner's habeas petition will be granted. A separate Order follows.

Robert D. Mariani
United States District Judge